PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Northern__ DISTRICT OF TEXAS
__Amarillo__ DIVISION

__Jeffrey Scott Hazlett, TDCJ: 02060106__
Plaintiff's Name and ID Number

__Jordan Unit 1992 Helton Road Pampa, Texas 79065__
Place of Confinement

2-19CV-061-D

CASE NO._____
(Clerk will assign the number)

V.
__Greg Willis__        __Collin County Courthouse__
                      __2100 Bloomdale Road, Suite 200__
__Criminal District Attorney__  __McKinney, Texas 75071__
Defendant's Name and Address

__Lonnie Falgout__    __United States Secret Service__
__Special Agent__     __Current Address Unknown__
Defendant's Name and Address

__Joe Anders__        __United States - F.B.I.__
__Special Agent__     __Current Address Unknown__
Defendant's Name and Address
( DO NOT USE "ET AL.")



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 1 2019
CLERK, U.S. DISTRICT COURT
By _____
Deputy

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES **X** NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: _____
      2. Parties to previous lawsuit:
         Plaintiff(s) _____
         Defendant(s) _____
      3. Court: (If federal, name the district; if state, name the county.) _____
      4. Cause number: _____
      5. Name of judge to whom case was assigned: _____
      6. Disposition: (Was the case dismissed, appealed, still pending?) _____
      7. Approximate date of disposition: _____

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: Jordan Unit 1992 Helton Road Pampa, Texas 79065

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   **N/A**   ___ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Jeffrey Scott Hazlett, TDCJ #: 02060106
Jordan Unit
1992 Helton Road Pampa, Texas 79065

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: **Greg Willis** - Criminal District Attorney - Collin County Courthouse 2100 Bloomdale Road, Suite 200 - McKinney, Texas 75071

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Authorized and oversaw prosecution of case against Plaintiff, as led by identified ADA's.

Defendant #2: **Lonnie Falgout** - Special Agent - United States Secret Service Current mailing address unknown by Plaintiff.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Violated Fed. Regulations, provided false testimony & documentation at trial, misuse of position to gain wrongful conviction.

Defendant #3: **Joe Anders** - Special Agent - United States F.B.I., former lead detective with city of Allen, Texas police department - Current mailing address unknown by Plaintiff.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Violated Fed. Regulations, improperly engaged Fed. Agent, misuse of power & position to gain wrongful conviction.

Defendant #4: **Geeta Singleterry** - Assist. District Attorney - Collin County Courthouse 2100 Bloomdale Road, Suite 200 - McKinney, Texas 75071

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Violated Fed. Regulations, violated Plaintiff's due process, compulsory process/confrontation clause rights, withheld evidence favorable to Plaintiff.

Defendant #5: **Lauren Hopkins** - Assist. District Attorney - Collin County Courthouse 2100 Bloomdale Road, Suite 200 - McKinney, Texas 75071

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Violated Fed. Regulations, violated Plaintiff's due process rights, compulsory process/confrontation clause rights, withheld evidence favorable to Plaintiff.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

All claims raised herein are interrelated to the same allegation, investigation, prosecution, trial, and wrongful conviction of Plaintiff; including identified Defendant actions or inactions. **Claim 1:** Malicious prosecution and misconduct occurred when state counsel (Geeta Singleterry, Lauren Hopkins - representing Greg Willis) called Lonnie Falgout (Secret Service) to testify as key witness in violation of Fed. Regulations and further allowing false testimony & documentation to be presented without pursuing remedy or disclosing evidence favorable to Plaintiff. State counsel did not properly pursue subpoena, testimony/deposition from lead detective Joe Anders, with all activities abusing power of position and reliance on Fed. Regulation - "Touhy" Regulations.
For continued Claim list, see: Attachment 2: Question V. Statement of Claims (continued).

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Relief from violations of federally protected civil rights caused by egregious and reckless misconduct of allegation, prosecution, defense/appellate counsel, police, fed. agent, all resulting in wrongful conviction, loss of civil opportunities, employment, and emotional stress and suffering.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Jeffrey Scott Hazlett, "Scott"

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ #: 02060106

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied? ___YES ___NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed? ___ YES _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date warning was issued: _____

Executed on: 26 March 2019
                 DATE

_Jeffrey Scott Hazlett_
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __26__ day of __March__, 20 __19__.
           (Day)              (month)           (year)

_Jeffrey Scott Hazlett_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

## Attachment 1: Question IV - Parties to this Suit
## Defendant's List (continued)

**Defendant #6:** Joshua Andor - Court appointed counsel - Trial Attorney at Law - 2490 W. White Avenue - McKinney, Texas 75071

**Harm Claimed:** Did not properly investigate fed. agent engagement, did not object to inability to cross-examine witness due to "Touhy" Regulations, or preserve error for appeal.

**Defendant #7:** William Schultz - Court appointed counsel - Trial Attorney at Law - 2101 Brugge Court - Plano, Texas 75025

**Harm Claimed:** Improperly submitted Secret Service documentation, did not properly object to Fed. Reg. violations, inability to cross-examine or preserve error for appeal.

**Defendant #8:** Mitchell Nolte - Court appointed counsel - Appellate Attorney at Law - 2780 Virginia Parkway, Suite 401, McKinney, Texas 75071

**Harm Claimed:** Did not perform "diligent legal research" regarding "Touhy" Regulations, did not discuss issues with Plaintiff before submitting brief, disregard of appellate procedures.

**Defendant #9:** Antonia Hazlett - Ex-spouse of Plaintiff Current Profession unknown - Current mailing address unknown

**Harm Claimed:** Initiated investigation, prosecution, and wrongful conviction by making a legally unfounded and uncorroborated allegation.

**Defendant #10:** Dan Powers - State professional witness Exec. Director - Children's Advocacy Center of Collin County - Plano, Tx.

**Harm Claimed:** Provided "professional" witness testimony with no prior case engagement, Director of C.A.C. of Collin County where secret service interrogation occurred.

**Defendant #11:** Hon. Benjamin Smith - Trial Judge 380th District Court - 2100 Bloomdale Road, Suite 30132 - McKinney, Texas, 75071

**Harm Claimed:** Oversaw trial, failed to intervene for remedy of due process violations, improper jury charge for lesser included offense, denial of retrial for lesser included offense only.

## Attachment 2: Question V - Statement of Claims (continued)

**Claim 2:** Newly discovered evidence identifies that state's key witness, Lonnie Falgout (Secret Service), was not engaged to interrogate Plaintiff, testify or provide unauthorized documentation at trial, violating Federal Regulations. Further, special agent Falgout relied on "Touhy" regulations in order to not be cross-examined, denying Plaintiff due process.

**Claim 3:** Lead detective Joe Anders did not properly investigate the legally unfounded and uncorroborated allegation made by Antonia Hazlett, but relied on the weight, interrogation and manipulation expertise of his friend special agent Falgout to secure a prosecution and wrongful conviction of Plaintiff, while acting under color of law.

**Claim 4:** Court appointed trial attorneys, Joshua Andor and William Schultz, did not investigate special agent Falgout's authorization to engage in investigation of case, subpoena compliance with federal regulations, or authorization to testify and present documentation at trial. Counsel did not properly object to inability to cross-examine agent Falgout, due to his reliance on the "Touhy" regulations or preserve error for later appeal.

<u>Claim 5</u>: Court appointed appellate counsel, Mitchell Nolte, did not perform "diligent legal research" as stated in appellate brief and pointed out by state prosecution and appeal. Counsel did not discuss appellant issues with Plaintiff before submitting brief, and further exhibited disregard to appellate procedures, client, timelines, and proceedings, further violating Plaintiff's right to effective counsel.

## Relevant Case History:

On February 2, 2015, an uncorroborated and legally unfounded allegation against Plaintiff was made by Antonia Hazlett (ex-spouse), initiating investigation by detective Joe Anders of the city of Allen, Texas police department.

On February 26, 2015, an interrogation and polygraph examination, initiated by detective Anders and conducted by U.S. Secret Service Special Agent Lonnie Falgout (a friend of detective Anders), occurred at the Children's Advocacy Center of Collin County in Plano, Texas, and managed/directed by Dan Powers.

On April 30, 2015, Plaintiff was indicted for the greater offense of sexual abuse of a child (continuous) and the lesser included offense of indecency with a child by contact.

On March 29, 2016, Plaintiff was found not guilty of the greater offense, but found guilty of the lesser included offense. Punishment assessed at eleven years confinement, by jury verdict.

On April 7, 2016, Plaintiff filed timely motion for new trial.

On April 25, 2016, Plaintiff filed timely notice of appeal.

On March 19, 2018, the Court of Appeals - Fifth District of Texas at Dallas affirmed the trial court decision.

On May 1, 2018, pursuing post-conviction relief, Plaintiff contacted the Department of Homeland Security - Office of General Counsel (Secret Service), to obtain relevant case documentation.

On August 22, 2018, the Court of Criminal Appeals of Texas refused Plaintiff's Petition for Discretionary Review.

On November 5, 2018, Plaintiff received the final, conclusive documentation from the Secret Service stating that "no records" exist pertaining to this case. This newly discovered evidence contradicts testimony and documentation provided at trial.

On November 20, 2018, in response to motion filed, Plaintiff received court order reconfirming indigent status and approval to proceed in forma pauperis.

On January 2, 2019, Plaintiff filed for state habeas corpus relief.

On January 22, 2019, trial court filed order designating issues, per state request.

On March 14, 2019, Plaintiff mailed petition for federal habeas corpus relief in the Northern district of Texas, Amarillo, Division.

On March 25, 2019, Plaintiff again filed a motion for new trial, based on newly discovered evidence.

Trial Court Cause Number: 380-81088-2015, Collin County, Texas

Court of Appeals - Fifth District of Texas at Dallas
Case Number: 05-16-00495-CR

Court of Criminal Appeals Case Number: PD-0343-CR

State Habeas Corpus Number: W380-81088-2015-HC

U.S. District Clerk                                       26 March 2019
Northern District of Texas,
Amarillo Division
205 S.E. 5th Avenue, Room 133
Amarillo, Texas 79101-1559

RECEIVED
APR - 1 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

<u>Re:</u> Title 42 U.S.C. § 1983 - Jeffrey Scott Hazlett

Dear District Clerk,
    Pursuant to Title 42 U.S.C. § 1983, enclosed please find the following documentation:

    I. "Prisoner's Civil Rights Complaint" <u>against conviction.</u>
       <u>Two</u> handwritten copies
    II. Attachments:
      (a) "Attachment 1: Question IV · Parties to this Suit Defendant's List (continued)"
        <u>Two</u> copies
      (b) "Attachment 2: Question V - Statement of Claims (continued)" - <u>Two</u> copies
      (c) "Relevant Case History" - <u>Two</u> copies
    III. In Forma Pauperis:
      (a) "Application to proceed in Forma Pauperis"
        <u>Two copies</u>
      (b) Certified Data Sheet - <u>Two</u> copies

Please file this letter and documentation accordingly and bring them to the attention of the Court.

I very much appreciate your attention to this matter and look forward to future correspondence.

Most Respectfully,

*[signature]*

Jeffrey Scott Hazlett
Plaintiff
TDCJ #: 02060106
Jordan Unit
1992 Helton Road
Pampa, Texas 79065

LEGAL MAIL

Amarillo, TX 791
THU 28 MAR 2019 PM

Jeffrey Scott Hazlett
TDCJ #: 02060106
Jordan Unit
1992 Helton Road
Pampa, Texas 79065

U.S. District Clerk
Northern District of Texas,
Amarillo Division
205 S.E. 5th Street, Room 133
Amarillo, Texas 79101-1559



RECEIVED
APR -1 2019

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION