IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JEFFREY SCOTT HAZLETT, <br> TDCJ-CID No. 02060106, <br><br> Plaintiff, <br><br> v. <br><br> GREG WILLIS, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | 2:19-CV-061-Z-BR |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Scott Hazlett ("Plaintiff"), acting *pro se* and while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit under 42 U.S.C. § 1983, and has been granted permission to proceed *in forma pauperis*. Having reviewed the pleadings and relevant law, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges Defendant Greg Willis (Criminal District Attorney of Collin County, Texas), Defendant Lonnie Falgout (United States Secret Service Special Agent), Defendant Joe Anders (Federal Bureau of Investigations Special Agent), Defendant Geeta Singletary (former Assistant Criminal District Attorney in Collin County, Texas), Defendant Lauren Hopkins (Assistant Criminal District Attorney in Collin County, Texas), Defendant Joshua Andor (Court-Appointed Defense Attorney), Defendant William Schultz (Court-Appointed Defense Attorney), Defendant Mitchell Nolte (Court-Appointed Appellate Attorney), Defendant Antonia Hazlett (ex-spouse of Plaintiff and criminal trial witness), Defendant Dan Powers (Director of the Children's

Advocacy Center in Plano, Texas), and Defendant Benjamin Smith (State District Judge in Collin County, Texas) violated his constitutional rights during criminal proceedings. *See* ECF No. 25 at 4–10.

Plaintiff alleges that in March 2016, during his criminal trial, witnesses (including the above-identified Defendants) provided perjured testimony and altered documentation concerning the criminal allegations against Plaintiff. *See id.* Defendant prosecutors encouraged this false testimony and Defendant court-appointed defense attorneys failed to challenge it and provide a reasonable defense. *Id.* Additionally, Plaintiff claims his ex-spouse also provided false testimony. *Id.* at 7. Plaintiff alleges the state-court judge allowed the admission of Plaintiff's coerced "confession" and wrongfully denied his state habeas application. *Id.* at 8. Plaintiff avers this violated his constitutional rights, although he fails to identify the specific rights violated by these actions. Plaintiff contends the remaining Defendants have knowledge of this due-process violations and allowed them to continue. *Id.* at 8–9. Plaintiff seeks compensatory, punitive, and declaratory damages. *Id.* at 9. Plaintiff asserts that he brought a separate habeas action to challenge his conviction. *Id.* at 10.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Plaintiff cannot sue Defendant Smith for the actions Plaintiff alleges. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989). Defendant Smith is state district judge entitled to absolute immunity for actions taken during the execution of his duties as a judge.

Plaintiff cannot sue Defendants Willis, Singletary, or Hopkins for the actions Plaintiff alleges. Prosecutors are immune from Section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Hous. Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). The criminal case resulted in Plaintiff's conviction and no allegations suggest this conviction has been overturned to date. Defendants Willis, Singletary, and Hopkins are state prosecutors entitled to immunity from suit from these allegations. And to the extent that Plaintiff asserts claims for malicious prosecution,

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

his claims are barred by his standing conviction. Therefore, the Court **DISMISSES** Plaintiff's claims against Defendants Willis, Singletary, and Hopkins.

Section 1983 suits may be instituted to sue a state employee or entity, using or abusing power possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961). One may not sue a private person under Section 1983 because that person does not act under color of state law. *Id.* Defense attorneys are private citizens and are not state actors within Section 1983's meaning — even when appointed by the court. *Briscoe v. LaHue*, 460 U.S. 328, 329 n.6 (1983). In the present case, Defendants Andor, Schultz, and Nolte are private individuals and cannot be the object of a civil rights lawsuit. Plaintiff's claims against these Defendants are frivolous because they lack any basis in law and fact. Accordingly, the Court **DISMISSES** the Plaintiff's claims against Defendants Andor, Schultz, and Nolte. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's ex-spouse — Defendant Hazlett — is also a private citizen and, as such, is not subject to liability under 42 U.S.C. § 1983. The Court **DISMISSES** Plaintiff's claims against Defendant Hazlett.

Defendants Falgout, Anders, and Powers are witnesses in a criminal trial. Plaintiff alleges these witnesses provided false testimony and introduced altered or misleading documents. *See* ECF No. 25 at 4–8. These claims are directly tied to Plaintiff's conviction and are barred as frivolous by the *Heck* doctrine. The Supreme Court has held a Section 1983 claim attacking the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

*Heck* may also bar relief on state-law claims based on the same premise as constitutional claims under Section 1983. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir.2000). Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 486–87. When success in a Section "1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *See Muhammad v. Close*, 540 U.S. 749, 751 (2004).

To determine the applicability of *Heck* in a given case, a court must examine the nature of the plaintiff's convictions and the nature of the civil claims asserted. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008); *Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006). When "the factual basis for the conviction is temporally and conceptually distinct" from the asserted civil claims, *Heck* does not bar the claims. *Bush*, 513 F.3d at 498. Here, Plaintiff alleges Defendant witnesses provided false testimony and documentation that led to his conviction. These claims are squarely encompassed by the *Heck* doctrine and subvert the jury's determination that these witnesses and this evidence was credible. As such, these claims are barred by *Heck*.

Plaintiff's claim for declaratory relief amounts to a request for a writ of mandamus against a state official which is not authorized by Section 1983. *See generally Everitt v. Young*, 85 F.3d 621 (5th Cir. 1996). The relief sought by Plaintiff would amount to a mandamus to the state court regarding execution of its docket — which is not permitted by a civil rights suit. As such, Plaintiff's request for declaratory relief is frivolous.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(a), the Court **DISMISSES** Plaintiff's Complaint brought under 42 U.S.C. § 1983 **WITH PREJUDICE** as frivolous.

**SO ORDERED.**

June 7, 2022

*[signature]*

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE